IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOURNEYPURE, INC., JUI-LIEN CHOU HO, AT PROJECT, LLC., <br><br> *Plaintiffs*, <br><br> -vs- <br><br> CYNTHIA T. BRUMFIELD, THOMAS TODD, JR. and JOHN R. HAWK, <br><br> *Defendants*. | Case No. _____ |

# C O M P L A I N T

COME NOW THE PLAINTIFFS, JOURNEYPURE, INC., JUI-LIEN CHOU HO and AT PROJECT, LLC, and sue the Defendants, CYNTHIA T. BRUMFIELD, THOMAS TODD, JR. and JOHN R. HAWK, and would state as follows:

## I.
## Introduction

1. Plaintiffs JOURNEYPURE, INC., JUI-LIEN CHOU HO and AT PROJECT, LLC bring this action against the Defendants, CYNTHIA T. BRUMFIELD, THOMAS TODD, JR. and JOHN R. HAWK, for their discriminatory actions in violation of Title VIII of the Civil Rights Act of 1968, as amended in 1988, also referred to as the Fair Housing Act, and its enforcing regulations. Plaintiffs seek recovery of compensatory damages and attorney's fees arising out of an action filed against them by the Plaintiffs in the Chancery Court of Rutherford County, Tennessee (and later transferred to the Circuit

Court of Rutherford County) seeking to enforce restrictive covenants against the Plaintiffs and to otherwise enjoin them from using their property to establish and operate a dwelling for persons with disabilities.

## II.
## Jurisdiction

2. Jurisdiction is vested in this court by virtue of 42 U.S.C. § 3606, this being an action based on discrimination and violation of Title VIII of the Civil Rights Act of 1968, as amended. Venue is proper in this court because the actions complained of all occurred within this federal district.

## III.
## Parties

3. JourneyPure, Inc. is a Delaware corporation that has as its primary goal to develop and operate centers to help those who seek recovery from various forms of addiction and stay healthy.

4. Jui-Lien Chou Ho is an adult citizen and resident of the State of Texas, and is the owner of certain real property located at 1306 SE Broad Street, Murfreesboro, Tennessee 37130, also known as the "Voyage Home".

5. AT Project, LLC. is a Tennessee Limited Liability Company organized and existing under the laws of the State of Tennessee.

6. Defendant Cynthia T. Brumfield is an adult citizen and resident of the State of Tennessee and resides at 165 West Lakeview Drive, Mt. Juliet, Tennessee 37122.

7. Defendant Thomas Todd, Jr. is an adult citizen and resident of the State of Georgia and resides at 265 Quiet Water Lane, Atlanta, Georgia 30350.

8. Defendant John R. Hawk is an adult citizen and resident of the State of Tennessee and resides at 1314 SE Broad Street, Murfreesboro, Tennessee 37130.

## III.
## Facts

9. Plaintiff Jui-Lien Chou Ho is the owner of certain residential property located at 1310 SE Broad Street, Murfreesboro, Tennessee.

10. On April 15, 2014, Dr. Chou Ho leased this property to the Plaintiff AT Project, LLC for the exclusive purpose of establishing a group home dedicated to providing residential therapy to women who are disabled and seek recovery from addiction.

11. AT Project, LLC is a wholly owned subsidiary of JourneyPure, Inc. which operates similar group homes and facilities in Murfreesboro, Kentucky and Florida.

12. In July of 2014, following approval from the City of Murfreesboro, AT Project and JourneyPure, Inc., began operation of a residential therapy group home at 1306 SE Broad Street, Murfreesboro, Tennessee for a maximum of eight female residents and two full time staff personnel known as "The Voyage Home".

13. The Defendants Cynthia Brumfield and Thomas Todd are the owners of certain property located adjacent to the Voyage Home located at 1310 SE Broad Street, Murfreesboro, Tennessee.

14. The Defendant John Hawk is the owner of certain property located at 1314 SE Broad Street, Murfreesboro, Tennessee and situated across the street from the Voyage Home.

15. On August 29, 2014, the Defendants filed suit in the Chancery Court of Rutherford County, Tennessee against the Plaintiffs in a case styled *Margaret Todd, John Hawk, Margaret Scott and Dan Scott vs. City of Murfreesboro, JourneyPure, LLC, JourneyPure Management Corp and Jui-Lien Chou Ho.*, Case No. 14CV-1277 ("the Lawsuit"). (A true and correct copy of this Complaint with the Exhibits thereto omitted is attached hereto as Exhibit A and is incorporated herein by reference).

16. In the Lawsuit, the Plaintiffs Margaret Todd, John Hawk, Margaret Scott and Dan Scott sought declaratory judgment and injunctive relief as well as damages for violation of certain restrictive covenants which they alleged required the property owned by Jui-Lien Chou Ho and operated by AT Project and JourneyPure, Inc. to be used "exclusively for residential purposes." (See Complaint, Exhibit A at ¶¶ 38 – 42).

17. The Lawsuit further sought a permanent injunction "to prevent the continued operation of Voyage as planned on the Property." (*Id*. at ¶ 57).

18. Defendants were placed on written notice of the Fair Housing Act implications of their Lawsuit as early as October 14, 2014 in a letter addressed to their counsel, David W. Kious and Kimberly A. DeMent from Meagan Dolleris and Tracey McCartney of the Tennessee Fair Housing Council and Larry L. Crain, Esq., attorney for JourneyPure, LLC, Dr. Jui-Len Chou Ho, and JourneyPure Management Corp. (A true and correct copy of this letter is attached hereto as Exhibit C and is incorporated herein by reference).

19. In this letter, the Plaintiffs specifically advised Defendants' counsel that if the Lawsuit were not voluntarily dismissed the Plaintiffs would take appropriate legal action including the filing of a separate lawsuit in federal court seeking relief for violation of the Fair Housing Act arising out of the Defendants' suit "to enforce restrictive covenants

4

with the purpose of interfering with our clients' exercise of their rights under the Act." (Exhibit C at page 4).

20. Plaintiffs' counsel never received a response from the Defendants or their counsel to this letter dated October 14, 2014.

21. On November 13, 2014, Margaret Scott and Dan Scott voluntarily dismissed all of their claims in the Lawsuit.

22. The Lawsuit was transferred to Circuit Court on December 22, 2014, in response to a motion to dismiss by the City of Murfreesboro, and assigned a new case number, 58078.

23. On February 9, 2015, following the death of one of the Plaintiffs, Margaret Todd on February 5, 2015, an Agreed Order was entered in the Lawsuit substituting her children, Cynthia Brumfield and Thomas Todd, Jr. as plaintiffs.

24. On or about June 1, 2015, Ms. Brumfield, Mr. Todd and Mr. Hawk filed an Amended Complaint in the Circuit Court of Rutherford County against the City of Murfreesboro, JourneyPure, Inc., JourneyPure Management Corp., AT Project, LLC and Jui-Lien Chou Ho. In this Amended Complaint, the Defendants renewed their earlier claims for declaratory and injunctive relief to enjoin the Plaintiffs' ownership and operation of the Voyage Home for disabled women. (A true and correct copy of this Amended Complaint is attached hereto as Exhibit B and is incorporated herein by reference).

25. On July 17, 2015, Plaintiffs filed an Answer to the Amended Complaint asserting the following affirmative defenses:

AFFIRMATIVE DEFENSE NO. 2

The Defendants allege that the use of the Property for the operation of a residential group home for up to eight individuals in recovery from substance use disorders and non-psychotic mental health issues is protected under the Fair Housing Act, 42 U.S.C. § 3601-3631 ("FHA") which prohibits housing discrimination against, *inter alia*, persons with disabilities. In addition, under applicable Fair Housing Act regulations at 24 C.F.R. 100.201, the term "physical or mental impairment" includes, but is not limited to, "such diseases and conditions as … drug addiction (other than addiction caused by current, illegal use of a controlled substance) and alcoholism.". While sobriety is a condition of entry, all of the individuals living in the JourneyPure group home are addicted to alcohol and/or drugs and are in recovery for such physical and mental impairments.

AFFIRMATIVE DEFENSE NO. 4

Defendants allege that the Plaintiffs' were fully advised in advance and prior to the filing of this action of the federal rights implicated by the Defendants' use of the Property for the stated purposes, and that the filing of this action is itself a violation of the Fair Housing Act, 42 U.S.C. § 3617 which makes "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed" his or her rights under the Fair Housing Act. As a result of the Plaintiffs' violation of this provision of the FHA, this action should be dismissed and the Defendants awarded their reasonable attorney's fees as provided by 42 U.S.C. § 3612(c).

(Answer to Amended Complaint at p. 11-12).

26. Despite being again placed on notice of the Fair Housing Act implications of their lawsuit, over the course of the next twenty months, (from October of 2014 to June of 2016), Ms. Brumfield, Mr. Todd and Mr. Hawk vigorously prosecuted their claims against the Plaintiffs in the Lawsuit. During this period, hundreds of pages of written discovery were produced and over 12 depositions of witnesses were taken, and multiple

motions filed with the Court, causing the Plaintiffs to incur thousands of dollars in litigation costs and attorney's fees.

27. On May 16, 2016, Plaintiffs moved for summary judgment on all claims presented in the Lawsuit. Their motion was based entirely on the proposition that the claims by Ms. Brumfield, Mr. Todd and Mr. Hawk were barred under the Fair Housing Act, 42 U.S.C. §§ 3601-3631.

28. On June 27, 2016, the Hon. M. Keith Siskin, Judge of the Circuit Court of Rutherford County, Tennessee, issued a Memorandum and Order granting the Plaintiffs' motion for summary judgment and dismissing all claims by Ms. Brumfield, Mr. Todd and Mr. Hawk. The court's ruling adopted the Plaintiffs' argument on all points regarding the Fair Housing Act. Specifically, the court ruled that the Plaintiffs' operation of the Voyage Home was protected under the Fair Housing Act.

29. The court also refused to enforce the restrictive covenants relied upon by Ms. Brumfield, Mr. Todd and Mr. Hawk finding as follows: "To the extent that these covenants may somehow still be in effect, the Court finds that the exclusivity provision for 'residential purposes' cannot be enforced against the Voyage home because, as explained above, the home constitutes a 'residence' under FHA." Memorandum and Order at p. 12. (A true and correct copy of Judge Siskin's Memorandum and Order is attached hereto as Exhibit D and is incorporated herein by reference).

# IV.
# Causes of Action
# 42 U.S.C. § 3604(f)
# Fair Housing Act Violation

30. Plaintiffs incorporate by reference herein the allegations set forth in ¶¶ 1 through 28, and do further allege as follows.

31. Section 3604(f) of the Fair Housing Act provides, in relevant part, as follows:

> **42 U.S.C. § 3604. Discrimination in the sale or rental of housing and other prohibited practices**
>
> As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful—
>
> * * *
>
> (f)(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of—
>
>     (A) that buyer or renter
>
>     (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>
>     (C) any person associated with that buyer or renter.
>
> (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—
>
>     (A) that person; or
>
>     (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>
>     (C) any person associated with that person.
>
> (3) For purposes of this subsection, discrimination includes—
>
>     (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such

person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.

    (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling;

32. Section 3604(f)(2) is intended to prohibit restrictive covenants which have the effect of excluding, for example, congregate living arrangements for persons with handicaps.

33. The Defendants' actions in filing suit seeking judicial enforcement of facially neutral restrictive covenants to prevent the ownership and operation of a group home for disabled individuals had the discriminatory effect of violating the Fair Housing Act, 42 U.S.C. § 3604(f).

34. The Defendants' motivation as neighboring property owners in filing suit to deny the Plaintiffs the use of a dwelling or interfere with its use for persons with disabilities further constitutes an intentional violation of 42 U.S.C. Section 3604(f).

35. The Defendants' asserted concerns in their Lawsuit that the Plaintiffs' operation of the Voyage Home would somehow diminish their property values were unreasonable and wholly unsubstantiated and demonstrate an animus against the disabled status of the occupants of the Voyage Home.

36. The Defendants' attempt to enforce the restrictive covenants constituted a refusal to make a "reasonable accommodation" necessary to afford Plaintiffs an equal opportunity to use and enjoy a dwelling. A reasonable accommodation would have been not to seek enforcement of the covenants as requested by the Plaintiffs in their letter to

9

Case 3:16-cv-01966   Document 1   Filed 07/28/16   Page 9 of 11 PageID #: 9

Defendants' counsel (Exhibit C hereto). Such an accommodation would not have imposed an undue financial burden on the Plaintiffs, nor would it have undermined the basic purpose behind these restrictive covenants, namely, to maintain the residential nature of the neighborhood.

37. As a consequence of the Defendants' violation of 42 U.S.C. § 3604(f), the Plaintiffs have sustained damages incurred in the defense of the Lawsuit for which they are entitled to an award of compensatory damages.

38. In addition, Plaintiffs are entitled to a statutory award of attorney's fees incurred by reason of their initiation of this present action to enforce their rights under the Fair Housing Act.

WHEREFORE, PLAINTIFFS REQUEST THE FOLLOWING RELIEF:

1. That they be allowed to file this action, and that process issue to the Defendants, CYNTHIA T. BRUMFIELD, THOMAS TODD, JR. and JOHN R. HAWK requiring them to answer within the time required under the Federal Rules of Civil Procedure;

2. That at the trial of this cause the Plaintiffs be awarded judgment:

    a. against the Defendant Cynthia T. Brumfield for compensatory damages in the amount of Two Hundred Thousand Dollars ($200,000);

    b. against the Defendant Thomas Todd for compensatory damages in the amount of Two Hundred Thousand Dollars ($200,000);

    c. against the Defendant John R. Hawk for compensatory damages in the amount of Two Hundred Thousand Dollars ($200,000);

3. That Plaintiffs be awarded reasonable attorney's fees in accordance with 42 U.S.C. § 3613(3)(c)(2);

10

Case 3:16-cv-01966   Document 1   Filed 07/28/16   Page 10 of 11 PageID #: 10

4. That Plaintiffs have and recover such additional relief as to which they may be entitled, including the costs of this action.

Respectfully submitted,

*/s Larry L. Crain*
Larry L. Crain, #9040
**CRAIN | SCHUETTE ATTORNEYS, LLC**
5214 Maryland Way
Suite 402
Brentwood, TN 37027
(615) 376-2600
Larry@CSAFirm.com