IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AT PROJECT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3-16-cv-01966 |
| | ) | JUDGE RICHARDSON |
| CYNTHIA T. BRUMFIELD, THOMAS | ) | |
| TODD, JR., and JOHN R. HAWK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court are Motions for Summary Judgment filed by Defendant
Brumfield (Doc. No. 67) and by Defendants Todd and Hawk (Doc. No. 64), respectively. Plaintiff
AT Project has responded to the Motions (Doc. No. 72) and to Defendants' Statements of
Undisputed Facts (Doc. Nos. 70 and 71), and Defendants have filed replies (Doc. Nos. 85 and 86).

## BACKGROUND [1]

This case arises from the purchase and use of property located at 1306 SE Broad Street
("the Property") in Murfreesboro, Tennessee, and a state-court lawsuit ("the State Action") related
thereto. Plaintiff AT Project is a Tennessee limited liability company that provides addiction
treatment services and operates a home on the Property dedicated to providing residential therapy
to women who are disabled and seek recovery from addiction ("Voyage Home").

---

[1] Unless otherwise identified, the facts in this section are taken from the First Amended Complaint
and the underlying state-court opinions of the Circuit Court of Rutherford County, Tennessee
(Doc. No. 1-5) and the Tennessee Court of Appeals (Doc. No. 40).

Defendants Brumfield, Todd, and Hawk ("the Neighbors") are the owners of property adjacent to and across the street from the Property. After Plaintiff began operating on the Property, the Neighbors filed the State Action against Plaintiff, related entities,[2] and the City of Murfreesboro, seeking, among other things,[3] a declaratory judgment that Plaintiff's use of the Property violated Murfreesboro zoning ordinances and seeking a permanent injunction to prevent the continued operation of Voyage Home on the Property because it allegedly violated the zoning ordinances and restrictive covenants applicable to the Property. (Doc. No. 1-2).

In its Answer in the State Action, Plaintiff asserted as affirmative defenses that its use of the Property was protected under the Fair Housing Act ("FHA") and that the filing of the State Action itself was a violation of the FHA. (Doc. No. 28 at ¶ 21). Moreover, Plaintiff asserted: "As a result of the Plaintiffs' [the Neighbors'] violation of this provision of the FHA, this action should be dismissed and the Defendants [Plaintiff herein] awarded their reasonable attorney's fees as provided by 42 U.S.C. § 3612(c)."[4] (*Id.*)

The Circuit Court of Rutherford County granted summary judgment in the State Action to the defendants therein, including Plaintiff, and dismissed all claims of the Neighbors. (Doc. No. 1-5). Thus, Plaintiff (and its co-defendants below) were prevailing parties at the state court level. There is no indication, however, that Plaintiff raised its claim for or sought its attorney's fees, pursuant to the FHA or otherwise (other than in its affirmative defenses), at the state court level.

---

[2] The other defendants were JourneyPure, Inc., formerly doing business as JourneyPure, LLC and one of its shareholders, Jui-Lien Chou Ho. (Doc. No. 28 at 1).

[3] The Neighbors also sought, in the State Action, an award of any amounts "proven to be owed as damages" and reasonable attorney's fees and costs. (Doc. No. 1-2).

[4] The provision on attorney's fees for actions brought by private parties is actually 42 U.S.C. § 3613(c)(2).

2

The Neighbors appealed the state-court decision, and the Tennessee Court of Appeals affirmed, finding that the operation of Voyage Home on the Property did not violate the City's zoning ordinance. (Doc. No. 40 at 9). The parties agree that this Court of Appeals decision is a final decision. (Doc. No. 70 at ¶ 29). There is no evidence that Plaintiff sought its attorney's fees, pursuant to the FHA or otherwise, at the time of the appellate decision or on remand.

Plaintiff's only cause of action here is for violation of the FHA (Doc. No. 28 at 7-10), and the only activity by which Plaintiff alleges the Neighbors violated the Fair Housing Act is their filing of the State Action. (*Id.*) The only relief Plaintiff seeks in this case is recovery of its attorney's fees and costs incurred in the defense of the State Action and the fees and costs incurred herein. (*Id*. at 10-11).

The Neighbors have moved for summary judgment, arguing that Plaintiff's action is barred by principles of *res judicata*. That is, they claim that as plaintiffs in the State Action, they were legally privileged under the Tennessee Constitution and First Amendment to seek a judicial declaration concerning the Property; that their actions were not a violation of the FHA; that Plaintiff's litigation expenses alone are not sufficient to support the "injury" required for Article III standing in this Court; and that nothing they did in or through the State Action warranted Rule 11 sanctions (which Plaintiff never sought in any event). (Doc. Nos. 65 and 68).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

3

247-48 (1986). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson*, 477 U.S. at 248. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 628.

A party asserting that a fact cannot be or genuinely is disputed—i.e., a party seeking summary judgment and a party opposing summary judgment, respectively—must support the assertion by citing to materials in the record, including, but not limited to, depositions, documents, affidavits or declarations. Fed. R. Civ. P. 56(c)(1)(A). On a motion for summary judgment, a party may object that the supporting materials specified by its opponent "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Upon such an objection, the proponent of the supporting material must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018); *Mangum v. Repp*, 674 F. App'x 531, 536-37 (6th Cir. 2017) (citing Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment).

4

The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman*, 901 F.3d at 628. Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## RES JUDICATA/CLAIM PRECLUSION

*Res judicata*, in its narrowest sense, is "the preclusion of claims that have once been litigated or could have been litigated" in a previous lawsuit. *Sutton v. Parker*, No. 3:19-cv-00005, 2019 WL 4220896, at *6 (M.D. Tenn. Sept. 5, 2019) (quoting *Hutcherson v. Lauderdale Cty., Tenn.*, 326 F.3d 747, 758 n.3 (6th Cir. 2003)). It "rests at bottom upon the ground that the party to be affected, or some other with whom he is in privity, has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction." *Id.* (quoting *Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 797 n.4 (1996)). Federal courts are required to apply *res judicata* in a manner to give the same effect to the Tennessee state court judgment as would another Tennessee state court.[5] *Id.* Under Tennessee law, *res judicata* bars "all claims that were actually

---

[5] Tennessee courts have a "long-standing tradition in upholding judgments" pursuant to *res judicata*. *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 400 (Tenn. Ct. App. 2009), *cited in Sutton*, 2019 WL 4220896, at *6. The policy rationale in support of *res judicata* "is justifiable on the broad grounds of public policy which requires an eventual end to litigation." It is intended "to give dignity and respect to judicial proceedings and relieve society from the expense and annoyance of indeterminable litigation about the same matter." *Id.*

5

litigated or could have been litigated in the first suit between the same parties." *Id.* at *7 (quoting *Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979)).

Tennessee courts have used the term *res judicata* to include both "claim preclusion" and issue preclusion (also known as "collateral estoppel"). *Sears v. Sears*, No. 3:19-cv-00807, 2020 WL 606596, at *6 (M.D. Tenn. Feb. 7, 2020) (citing *West v. Parker*, 783 F. App'x 506, 512 n.2 (6th Cir. 2019)). Traditionally, and certainly in its narrowest sense, however, *res judicata* refers only to claim preclusion, and thus the Court herein will use the terms interchangeably.

Under Tennessee law, claim preclusion "bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Id.* (citing *West*, 783 F. App'x at 512).

The party asserting a defense predicated on *res judicata* or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. *Boyce v. LPP Mortg. Ltd.*, 435 S.W.3d 758, 764 (Tenn. Ct. App. 2013); *Venue Event Center, Inc. v. SL Airpark, LLC*, 2018 WL 3954211, at *1 (6th Cir. Feb. 26, 2018) (citing *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012)) and applying these four elements under Tennessee law). Importantly, the third element actually can be satisfied not only if the same claim was asserted in the prior suit, but also if the same claim *could* or *should* have been asserted in the prior suit. *See*, *e.g.*, *Brown v. Shappley*, 290 S.W.3d 197, 201 (Tenn. Ct. App. 2008) ("We must agree with the trial court that Mr. Brown's breach of contract claim could and should have been litigated in the 2006 action in circuit court. . . . We affirm dismissal of Mr. Brown's breach of contract claim based on the doctrine of *res judicata*."). And as for the fourth element:

6

> In order that a judgment or decree should be on the merits, it is not necessary that the litigation should be determined "on the merits," in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases.

*Id.*(quoting *Madyun v. Ballard,* 783 S.W.2d 946, 948 (Tenn. Ct. App. 1989) (quoting *Parkes v. Clift,* 77 Tenn. 524 (1882))).

These four requirements are satisfied in this case, such that claim preclusion applies. This is apparent once one considers the nature of this action vis-a-vis the State Action. No one disputes that the underlying state-court opinions in this case were rendered by courts of competent jurisdiction or that the same parties or their privies were involved.

As noted above, the third element prohibits parties from not only bringing claims they already have brought, but also bringing those claims they *should* have brought. For the reasons that follow, the Court finds that the issue of attorney's fees for violation of the FHA was an issue that was raised, albeit in an affirmative defense, and could and should have been litigated in the State Action.

In the State Action, the Neighbors claimed that the actions of Plaintiff and the other defendants therein, including the City of Murfreesboro, violated the City's zoning ordinance and certain restrictive covenants in the deed. As noted above, Plaintiff asserted affirmative defenses based on the FHA and stated that the Neighbors' very act of filing that lawsuit violated the FHA, entitling Plaintiff to its reasonable attorney's fees under the statute. In other words, Plaintiff could and did raise, in the State Action, its claim that the State Action itself violated the FHA and that Plaintiff was, therefore, entitled to its attorney's fees for having to defend that action. Moreover, citing 42 U.S.C. § 3613(a)(1)(A), the state court specifically noted that it had concurrent jurisdiction to consider FHA claims. (Doc. No. 1-5 at 6). Indeed, in saying this, the state court was

referring specifically to claims that the defendants therein—including Plaintiff—might have under the FHA. (*Id.*).

Plaintiff argues that it never presented a *claim* in the State Action based on a violation of the FHA; rather, it raised the protections afforded by the FHA as a *defense*. The fact that Plaintiff' asserted a violation of the FHA (and its resulting right to attorney's fees) among its affirmative defenses does not change the preclusive effect of such assertion. In Tennessee, when a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation. Tenn. R. Civ. P. 8.03.[6] As noted above, the state court specifically stated that it had jurisdiction to consider the FHA claims of the defendants therein (including Plaintiff). Thus, in the State Action, even though Plaintiff alleged its claim for a violation of the FHA (and alleged resulting right to attorney's fees) as part of its affirmative defenses, it *could* have asserted it as a counterclaim, and the court could have treated it as a counterclaim. Because the Court finds (see below) that this claim arose from the same "transaction or occurrence that is the subject matter of the opposing party's claim," this Court *will* treat it as such.

Furthermore, this claim hidden in Plaintiff's affirmative defenses was a *compulsory* counterclaim. The Tennessee Rules of Civil Procedure provide that a pleading "shall state as a counterclaim any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Tenn. R. Civ. P. 13.01. Under

---

[6] As it happens, the same is true in federal court. Fed. R. Civ. P. 8(c)(2).

Tennessee procedural law, a claim for attorney's fees is a compulsory counterclaim because it "arises out of the transaction" that is the subject matter of the original complaint. *McBroom v. Day*, No. Civil No. 3:06-0996, 2007 WL 9789684, at *3 (M.D. Tenn. May 7, 2007) (legal malpractice action) (citing *Nagarajan v. Terry*, 151 S.W.3d 166, 175 (Tenn. Ct. App. 2003)); *cf. Pitcher v. Waldman,* No. 1:12-cv-215, 2013 WL 632368, at *6 (S.D. Ohio Feb. 20, 2013) (claim for attorney's fees waived because it should have been asserted in the underlying federal lawsuit as a compulsory counterclaim under Federal Rule of Civil Procedure 13).

Here, Plaintiff's claim that the State Action itself violated the FHA, entitling Plaintiff to attorney's fees, not only arose out of the transaction or occurrence that was the subject matter of that action; it was actually *based* on that underlying action. It therefore was a compulsory counterclaim and therefore, by definition, *should* have been brought (as a counterclaim) in the State Action.[7]

For example, the City argued that any interpretation of the zoning ordinance that prevented the operation of Voyage House on the Property would violate the FHA and expose the City to liability under that statute. The definition of "family" under the zoning ordinance was amended by the City (prior to the State Action) specifically to bring the ordinance into compliance with the FHA. (Doc. No. 1-5 at 6). The court agreed with the City's interpretation of its ordinance, in part based upon the canon of statutory construction that says courts must, if possible, avoid a

---

[7] *Pitcher* explains that, alternatively, a claim for attorney's fees that was a compulsory counterclaim in the underlying action will be barred in a subsequent action by the doctrine of *waiver* (as distinguished from res judicata). 2013 WL 632368, at *6 ("[C]ourts have held that Rule 13(a) provides a basis for waiver that is independent of the more traditional concepts of waiver represented by doctrines like res judicata and collateral estoppel.") The Court agrees and notes that waiver alternatively would bar Plaintiff's claim here due to its being a compulsory counterclaim in the State Action.

9

construction that places one statute (or in this case, ordinance) in conflict with another (in this case, the FHA). (*Id.* at 8-9). "If the zoning ordinance is now capable of more than one interpretation, we must adopt the interpretation that comports with the FHA." (*Id.* at 9). "If this Court were to adopt the Plaintiffs' interpretation of the City's zoning ordinance, such would result in a blanket exclusion of group rehabilitation homes from residential areas; this is precisely the sort of isolation of handicapped persons from the mainstream of society that the FHA was enacted to forbid." (*Id.* at 11).[8]

Plaintiff argues that it could not have raised its claim under the FHA in the State Action. But as noted, the state court specifically (and correctly) stated that it had concurrent jurisdiction to consider FHA claims. (Doc. No. 1-5 at 6).

In short, Plaintiff's claim was a compulsory counterclaim and should have been brought. Indeed, it was brought inasmuch as it was raised in an affirmative defense. And to the extent that merely raising it as an affirmative defense does not constitute bringing the claim, then this element of res judicata is nevertheless satisfied, because it *should* have been brought (but was not).

The final element of claim preclusion, that the underlying judgment was final and on the merits, is also satisfied. The parties agree that this Court of Appeals decision is a final decision. (Doc. No. 70 at ¶ 29). No one disputes that the final decision in the State Action was a decision on the merits. Therefore, there is no challenge to the fourth and final element of claim preclusion herein.

_____

[8] The court went on to find that the restrictive covenants relied upon by the Neighbors had expired, but noted: "To the extent that these covenants may somehow still be in effect, the Court finds that the exclusivity provision for 'residential purposes' cannot be enforced against the Voyage home because, as explained above, the home constitutes a 'residence' under the FHA." (Doc. No. 1-5 at 12).

The claim asserted in this case might (and, as it turns out, should) have been litigated in the State Action. "[T]he underlying tenet of *res judicata* is to bar a litigant from raising an issue that was or could have been litigated in a previous action." *Boyce v. LPP Mortg. Ltd.*, 435 S.W.3d 758, 765 (Tenn. Ct. App. 2013). And thus it applies here.

For these reasons, the Court finds that Plaintiff's claim herein for attorney's fees arising from the State Action, is barred by the doctrine of *res judicata*, meaning (here) claim preclusion. Therefore, Plaintiff's claim necessarily is subject to dismissal, and the Court need not address Defendants' other arguments. *See Clemons*, 2018 WL 1845871, at *4 ("Because the doctrine of res judicata is plainly applicable here, this action must be dismissed.").

## CONCLUSION

Defendants' Motions for Summary Judgment (Doc. Nos. 64 and 67) will be granted. An appropriate Order shall be entered.


*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

11